440 P.2d 39

Stanley M. KELLEY, on behalf of himself as a Policeman and a Taxpayer of the City of Scottsdale and all others similarly situated, Appellant,

v.

B. L. TIMS, Doris McCauley, John L. Senini, Charles K. Murray, Leonard Johnson, William Jenkins and R. L. Jones, acting as the City Council of the City of Scottsdale, a municipal corporation of the State of Arizona, Appellees.

No. 1 CA–CIV 536.

Court of Appeals of Arizona.

April 18, 1968.

Rehearing Denied May 16, 1968.

Review Granted July 2, 1968.

Donald Maxwell, Scottsdale, for appellant.

Richard R. Filler, City Atty., Scottsdale, for appellees.

Hughes, Hughes & Conlan, by John C. Hughes, Phoenix, amicus curiae.

The League of Arizona Cities and Towns by J. LaMar Shelley, Gen. Counsel, Mesa, amicus curiae.

Of counsel:

Roy B. Skaggs, II, Town Atty., Town of Benson.

Walter J. Reynolds, Jr., City Atty., City of Chandler.

J. Kendall Hansen, Town Atty., St. Johns, Town of Eagar.

H. Karl Mangum, City Atty., City of Flagstaff.

Kenyon Udall, Town Atty., Town of Gilbert.

Frank E. Tippett, City Atty., City of Globe.

James B. Greenwood, Town Atty., Bisbee, Town of Huachuca City.

O. E. Everett, City Atty., City of Kingman.

J. LaMar Shelley, City Atty., City of Mesa.

Nasib Karam, City Atty., City of Nogales.

William H. Rehnquist, Town Atty., Phoenix, Town of Paradise Valley.

Alvin Moore, Town Atty., Phoenix, Town of Parker.

Robert J. Backstein, City Atty., City of Phoenix.

Alvin F. Krupp, City Atty., City of Safford.

J. Kendall Hansen, City Atty., City of St. Johns.

Dennis I. Davis, City Atty., City of Show Low.

Fred P. Talmadge, City Atty., City of Sierra Vista.

Frank Stanlis, Town Atty., Town of Wickenburg.

Stuart C. Willoughby, City Atty., City of Willcox.

Larry E. Mills, City Atty., City of Williams.

STEVENS, Judge.

The appellant seeks to require the City of Scottsdale, a City with a present population in excess of 20,000 inhabitants, to take the steps necessary to place the police officers of the City of Scottsdale under the protective mantle of the Police Pension Act of the State of Arizona. The action was instituted in the Superior Court for Maricopa County which ruled in favor of the City of Scottsdale. During the pendency of the appeal leave was granted to file amicus curiae briefs and these briefs have been very helpful.

In 1937 the State of Arizona adopted the Police Pension Act, A.R.S. §§ 9–911 thru 9–934. The two important sections as far as this case is concerned are §§ 9–912 and 9–934. § 9–912 provides:

"In each city having a population, according to the last federal census, of not less than twenty thousand inhabitants, there is created, and in each incorporated city or town having a population of less than twenty thousand inhabitants, there may be created by ordinance, a police pension fund, which shall be managed, controlled and distributed in accordance with the provisions of this article."

§ 9–934 provides:

"This article shall not apply to a city or town having and maintaining by charter or ordinance a pension or retirement plan for aged or physically disqualified members of the police department."

In 1951, the State of Arizona adopted statutory authority for providing Social Se-

·curity for public employees and officers. This statutory authority is found in A.R.S. § 38–701 thru A.R.S. § 38–707. § 38–702, provides, in part:

"The governor is authorized on behalf of the state to enter into an agreement with the federal security administrator, consistent with the terms and provisions of this article, for the purpose of extending the benefits of the federal old-age and survivors' insurance system to employees of the state or any political subdivision thereof with respect to services specified in the agreement which constitute employment. * * * "

§ 38–704 provides, in part:

"A. Each eligible political subdivision of the state is authorized to submit for approval by the state agency a plan for extending the benefits of title II of the social security act, in conformity with applicable provisions of such act, to employees of such eligible political subdivisions. * * * "

It is important to note that the statutes providing for Social Security for public employees and officers does not require that the act be adopted by charter or ordinance. In the same year, by a proper resolution, the governing body of the City of Scottsdale made application to the Employment Security Commission of Arizona for inclusion of its eligible employees in an agreement between the State and the Federal Security Administrator for the coverage of its employees under the Federal Social Security Act. The Scottsdale City Policemen were included in this retirement program.

In 1953, the Arizona Legislature enacted the State Employees Retirement System. The State Employees Retirement System is found in A.R.S. § 38–741 thru A.R.S. § 38–764. As amended in 1964 § 38–745 provides, in part:

"A. All employees and officers of the state and instrumentalities of the state and all officers and employees of political subdivisions establishing a retirement system administered by the board pursu-

ant to the provisions of this article, * * * who as a result of state service or service for the political subdivision are included in agreements providing for their coverage under the federal old age and survivors insurance system, shall be subject to the provisions of this article and shall be members of the retirement system. * * * "

The City of Scottsdale, in 1960, by a proper motion adopted the State Retirement System for its employees, including its police officers.

It is significant to note that the Arizona Legislature, when adopting Federal Social Security for State and local employees, did not specifically exempt policemen from coverage. Since the Legislature was aware of the Police Pension Act at the time that it enacted legislation authorizing the State to come under the Federal Social Security Act, it would seem that it was the intent of the Legislature to provide cities with an alternative to the Police Pension Fund. In other words, if the Legislature had intended that policemen were to be covered only under the special legislation that had been enacted in 1937, the Legislature would have expressed this intent by excluding policemen from coverage under Social Security. Therefore, unless policemen are excluded from coverage by the Federal Social Security Act itself, it would appear that the City of Scottsdale could elect to have its policemen covered under Federal Social Security rather than under the Police Pension Fund as long as this election was made prior to the time that the City of Scottsdale reached a population of 20,000 inhabitants.

After the foregoing steps were taken in 1951 and 1960, the City of Scottsdale attained the population of 20,000 inhabitants. The City has taken no steps to place its police officers under the Police Pension Act. The appellant urges that the City has not adopted a Police Pension Plan by ordinance or by charter and that under these circumstances it is under the statutory obligation to place its police officers under the Police Pension Act. We recognize

that the prior action taken by the City of Scottsdale was by resolution in one instance and by motion in the other. In our opinion, by these actions a Pension Plan for the police officers was adopted and we do not agree with the position urged by the appellant.

In 1937, a city having a population of less than 20,000 people had no means of placing its police officers under a pension plan unless proper city action was taken either by a charter provision or by a duly adopted ordinance. In either event, the implementing legislation would of necessity be required to contain all of the details essential to a workable police pension plan. This type of action could not be taken by resolution or motion. By the time the City of Scottsdale reached the 20,000 inhabitants figure, other pension plans were available through other legislative enactments of the State of Arizona. In the meantime, the City had promptly availed itself of these pension privileges so that there was in effect a pension plan covering police officers prior to the time that the City arrived at the minimum population figure specified in the Police Pension Act.

In our opinion, Luhrs v. City of Phoenix, 52 Ariz. 438, 83 P.2d 283 (1938) and City of Tucson v. Walker, 60 Ariz. 232, 135 P.2d 223 (1943), are not contrary to the foregoing holding.

It is urged by Mr. Hughes and resisted by The League of Arizona Cities and Towns, that police officers are not eligible for Social Security and that as a necessary corollary, they are not eligible to come under the 1953 State Retirement Act. We need not pass upon Mr. Hughes' contentions for the reason that we have concluded that police officers are eligible for Social Security coverage. In reaching this result, we have undertaken a review of the history of a portion of the Social Security legislation.

The Federal Social Security legislation with which we are concerned is found in Title 42 of the United States Code Annotated. Social Security is not available to employees of a state or its subdivisions un-less an agreement to provide for such coverage is entered into between the state and federal authorities. 42 U.S.C.A. § 410 provides, in part:

"(a) The term 'employment' * * * shall not include * * * (7) service performed in the employ of a State, or any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned thereby, except that this paragraph shall not apply in the case of—

"(A) service included under an agreement under section 418 of this title, * *"

42 U.S.C.A. § 418 authorizes the Secretary of Health, Education and Welfare to enter into an agreement with any state for the purpose of extending the insurance system to its employees and the employees of its political subdivisions. Subsection (d) of § 418 is entitled "Positions Covered by Retirement Systems". This subsection provides in substance that no agreement with any state for Social Security for state and local employees may be made applicable to any services performed by employees that are already covered by a retirement system unless certain steps are taken by the state and by the employees who are already under an existing retirement system to have themselves included under the Federal Social Security legislation. Subdivision (5)(A) of Subsection (d) of § 418 provides:

"Nothing in paragraph (3) of this subsection shall authorize the extension of the insurance system established by this subchapter to service in any policeman's or fireman's position."

The appellant takes the position that subdivision (5)(A) means that policemen were to be excluded completely from any coverage under the Social Security Act. It is our opinion that this is not a proper interpretation of § 418 for the following reasons:

When § 418 of 42 U.S.C.A. was originally enacted in 1950 (See 64 Stat. 514) there was no exclusion of policemen from Social Security. Subsection (d), entitled "Exclu-

sion of Positions Covered by Retirement Systems", at that time provided:

"No agreement with any State may be made applicable (either in the original agreement or by any modification thereof) to any service performed by employees as members of any coverage group in positions covered by a retirement system on the date such agreement is made applicable to such coverage group."

This was the extent of Subsection (d) at the time of the original enactment. The Legislative history of § 418, at the time of original enactment, is set forth in U.S. Code Congressional Service, 1950, beginning at page 3287. The summary of the principal provisions of the committee approved bill begins at page 3292. By reading this summary we find that it was the intent of the Legislature to cover employees of state and local governments only if they were not already under a retirement system and only if the state entered into an agreement with the Federal Government. There were no restrictions specifically excluding Social Security coverage for policemen. At page 3301, the following appears:

"3. Employees of State and local governments.—Under present law, employment by State and local government units is not included in the coverage of the old-age and survivors insurance system. Under the committee-approved bill, *all* such employment which *is not under an existing retirement system could be covered* through voluntary agreements between the States and Federal Security Administrator." (emphasis supplied)

Section 418, 42 U.S.C.A. was amended in 1952. (See 66 Stat. 285) This amendment provided only for a change in the effective date of voluntary agreements for coverage of state and local employees.

Section 418 of 42 U.S.C.A. was amended again in 1953. (67 Stat. 587) This amendment provided that, notwithstanding Subsection (d) of Section 418, the agreement with the State of Wisconsin could be modified so as to apply to service performed

by employees in positions covered by the Wisconsin Retirement Fund. The amendment includes the following language:

"(4) The modification pursuant to this subsection shall, if the State of Wisconsin requests it, exclude * * * all service performed in policemen's positions, all service performed in firemen's positions, or both."

Thus, this language further bolsters the position that policemen were eligible for coverage by Social Security if not already covered by a retirement fund.

In 1954, Section 418 was again amended. (See 68 Stat. 1055) This amendment substantially changed § 418, Subsection (d) and provided means by which employees of state and local governments already covered by a retirement system could be included under Social Security coverage. This amendment added § 418(d)(5)(A) which provides that nothing in Subsection (d) shall authorize the extension of the insurance established by this subchapter to service in any policemen's or firemen's position. U.S. Code Congressional and Administrative News, 1954, in commenting upon this amendment, states at page 3715:

"The bill continues the present exclusion of policemen and firemen *who are covered by a State or local retirement system.* Policemen and firemen, because of the special demands made by their work, usually have special provisions in their retirement systems (retirement at age 50 or 55, for example) and most of them believe that it would be unwise to attempt to coordinate these provisions with the provisions of the old-age and survivors insurance system." (emphasis supplied)

Thus it can be seen that it was the intent of Congress in enacting § 418(d)(5)(A) to exclude policemen from coverage under Social Security *only if they were already covered by a State or local retirement system.*

In 1956, § 418 was amended by adding Subsection (p) which provided that the states specifically named in Subsection (p)

**408**

can include policemen *already covered by a retirement system* in that state's agreement for Social Security coverage of employees previously covered by local or state retirement systems. U.S.Code Congressional and Administrative News, 1956, at page 3887 has this to say about the addition of Subsection (p):

> "The social security amendments of 1954, which made old-age and survivors insurance coverage available to most employees under retirement systems, continued the exclusion of policemen and firemen at the request of policemen and firemen's organizations. Your committee has been requested to remove the bar to coverage of policemen and firemen employed in the States of North Carolina, South Carolina, and South Dakota. Accordingly, your committee has added to the House bill a provision making coverage available to policemen and firemen in these states, *subject to the same conditions that apply to the coverage of other employees who are under State and local retirement systems,* except that where the policemen and firemen are in a retirement system with other classes of employees the policemen and firemen may, at the option of the State, hold a separate referendum and be covered as a separate group." (emphasis supplied)

Here once again the language in the amendment and in the legislative history talks in terms of coverage of policemen and firemen *who are already covered by State or local retirement systems at the time the State contracts for Social Security coverage for State and local employees.*

It is our opinion that a review of the legislative history of 42 U.S.C.A. § 418 makes it abundantly clear that policemen are not automatically excluded from coverage under Social Security. They are only excluded if, at the time the state contracts with the Federal Government for coverage of state and local employees, policemen are already covered by a retirement system. If they are covered by a retirement system prior to the state's adoption of Social Secur-

ity, then policemen can only have Social Security coverage by specific request of the state to be included under the purview of § 418(p). However, this was not the case in Scottsdale. At the time the City of Scottsdale adopted Social Security benefits for its employees, the policemen were not covered by State or local benefits and, in our opinion, the judgment of the lower court should be affirmed.

Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.