449 P.2d 596

Stanley M. KELLEY, on behalf of himself as a Policeman and a Taxpayer of the City of Scottsdale and all others similarly situated, Appellant,

v.

B. L. TIMS, Doris McCauley, John L. Senini, Charles K. Murray, Leonard Johnson, William Jenkins and R. L. Jones, acting as the City Council of the City of Scottsdale, a municipal corporation of the State of Arizona, Appellees.

No. 9332–PR.

Supreme Court of Arizona.

In Banc.

Jan. 24, 1969.

Rehearing Denied March 4, 1969.

**132**

Donald Maxwell, Scottsdale, for appellant.

Richard R. Filler, City Atty., Scottsdale for appellees.

Hughes, Hughes & Conlan, Phoenix, by John C. Hughes, amicus curiae.

The League of Arizona Cities and Towns by J. LaMar Shelley, General Counsel, Mesa, amicus curiae.

Roy B. Skaggs, II, Benson, Town Atty. Town of Benson, Walter J. Reynolds, Jr., Chandler, City Atty. City of Chandler, J. Kendall Hansen, St. Johns, Town Atty. Town of Eagar, William H. Rehnquist, Phoenix, Town Atty. Town of Paradise Valley, Alvin Moore, Phoenix, Town Atty.

Town of Parker, Robert J. Backstein, Phoenix, City Atty. City of Phoenix, H. Karl Mangum, Flagstaff, City Atty. City of Flagstaff, Kenyon Udall, Town Atty. Town of Gilbert, Frank E. Tippett, Globe, City Atty. City of Globe, James B. Greenwood, Bisbee, Town Atty. Town of Huachuca City, O. E. Everett, Kingman, City Atty. City of Kingman, J. LaMar Shelley, City Atty. City of Mesa, Nasib Karam, Nogales, City Atty. City of Nogales, Alvin F. Krupp, Safford, City Atty. City of Safford, J. Kendall Hansen, St. Johns, City Atty. City of St. Johns, Dennis I. Davis, Show Low, City Atty. City of Show Low, Fred P. Talmadge, Sierra Vista, City Atty. City of Sierra Vista, Frank Stanlis, Wickenburg, Town Atty. Town of Wickenburg, Stuart C. Willoughby, Willcox, City Atty. City of Willcox, Larry E. Mills, Williams, City Atty. City of Williams, of counsel.

UDALL, Chief Justice.

Appellant, Stanley M. Kelley, hereinafter Kelley, filed a petition for writ of mandamus with the court below, seeking to compel the city of Scottsdale, Arizona to comply with the provisions of the Police Pension Act as contained in Arizona Revised Statutes, sections 9–911 through 9–934. An alternative writ was issued by the trial court and then quashed after a hearing. Kelley appealed to the Court of Appeals, Division 1. That court affirmed the order of the trial court, 7 Ariz.App. 403, 440 P.2d 39 (1968). We granted petition for review.

A.R.S. § 9–912 provides:

"In each city having a population, according to the last federal census, of not less than twenty thousand inhabitants, there is created, and in each incorporated city or town having a population of less than twenty thousand inhabitants, there may be created by ordinance, a police pension fund, which shall be managed, controlled and distributed in accordance with the provisions of this article."

The City of Scottsdale surpassed 20,000 population, according to the last Federal

census, prior to the filing of the petition in the lower court. Thus, argues Kelley, the court should compel Scottsdale to comply with the Police Pension Act.

A.R.S. § 9–934, prior to amendment in July, 1968, provided:

"This article shall not apply to a city or town having and maintaining by charter or ordinance a pension or retirement plan for aged or physically disqualified members of the police department."

Scottsdale, in 1951, adopted Social Security for its employees, and, in 1960, adopted the state retirement system. The city contends that the adoption of these two programs, prior to attaining 20,000 population, brings it clearly within the 9–934 exception. The trial court agreed with Scottsdale and dismissed the petition.

 We considered the scope of the exception in 9–934 in the case of City of Tucson v. Walker, 60 Ariz. 232, 135 P.2d 223 (1943). In that case we said:

"Counsel for appellant ably present the view that the word 'having' of Section 16–1803 [now § 9–934], of the Police Pension Act of 1937, should read like the words 'now or hereafter having,' but we cannot agree, but hold that our legislature in enacting the Police Pension Act of 1937 was merely being considerate for such city *where a complete set-up for pensions was already operating * * *.*" [Emphasis supplied.]

It is clear from the Walker case and from a reading of 9–934 that the legislature intended to exempt from the mandatory provisions of 9–912 only those cities that had a pension plan in effect prior to 1937. The exception does not extend to a city that adopts a retirement plan for its police (other than the Police Pension Act of 1937) prior to the attainment of 20,000 population but subsequent to the effective date of the Act. Scottsdale does not come within the exception. Upon reaching 20,000 population according to the Federal Census it was obligated to put into effect the provisions of the Police Pension Act of 1937.

For the above reasons we reverse the decision of the trial court and vacate the opinion of the Court of Appeals.

LOCKWOOD, V. C. J., and STRUCK-MEYER, McFARLAND and HAYS, JJ., concur.